UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JILL-MICHELE LEWIS, individually,

    Plaintiff,

v.

CACH, LLC,
a foreign limited liability company,
SCOTT LOWERY LAW OFFICE, P.C.,
a foreign corporation,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES UNDER THE FDCPA
AND DAMAGES AND INJUNCTIVE RELIEF UNDER THE FCCPA
JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Simply put, in an effort to collect a consumer debt from Plaintiff, Defendants contacted Plaintiff's ex-husband and disclosed the existence of an alleged debt as well as Plaintiff's contact information. Furthermore, in spite of Plaintiff's numerous efforts to explain to Defendants that she was represented by counsel, Defendants continued to contact her directly in violation of both the FDCPA and FCCPA. In response to this egregious behavior, Plaintiff files the instant action

seeking statutory damages, actual damages, injunctive relief, and to recover her costs and attorney's fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

3. Plaintiff, JILL-MICHELE LEWIS, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, CACH, LLC ("CACH") is a foreign limited liability company, engaged in the practice of purchasing and collecting upon charged-off debts, with its principal place of business located at 4340 South Monaco Street, Second Floor, Denver, Colorado 80237.

5. Defendant, SCOTT LOWERY LAW OFFICE, P.C. ("SLLOP"), is a law firm which primarily collects debts for CACH and operates from offices located at 4500 Cherry Creek Drive, Suite 700, Denver, Colorado 80246.

6. CACH is vicariously liable for the actions of SLLOP for those debts SLLOP collects on behalf of CACH.  *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

7. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. Defendants regularly collect or attempt to collect debts for the benefit of themselves and other parties. They are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

9. The debts sought by Defendants are purchased after their respective date of default.

10. At all times material to the allegations of this complaint, Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendants sought to collect an alleged debt from Plaintiff arising from her use of a Bank of America credit card used by Plaintiff to pay for clothing, groceries, and travel expenses.

12. Said debt was allegedly acquired by CACH after the date of default and assigned to SLLOP for collections.

13. From on or about November 2010 to December 2010, Defendant SLLOP contacted Plaintiff by telephone in an effort to collect the aforementioned debt.

14. Each and every time Defendants contacted Plaintiff, Plaintiff disclosed that she was being represented by Attorney Matthew E. Mazur, Jr. of Miami, Florida and related his contact information to Defendants.

15. Additionally, Plaintiff requested that Defendants no longer contact her directly and to only contact Attorney Mazur

16. In spite of Plaintiff's pleas, Defendants continued to call her and demand money from her.

17. On or about December 18, 2010, Defendants contacted Plaintiff's ex-husband and impermissibly disclosed the existence of the alleged to him; during said conversation, Defendants also disclosed Plaintiff's whereabouts and even requested that her ex-husband take responsibility and pay the alleged debt.

18. The disclosure of the alleged debt to Plaintiff's ex-husband caused her emotional distress and embarrassment.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant communicated directly with JILL-MICHELE LEWIS when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

WHEREFORE, Plaintiff JILL-MICHELE LEWIS requests that the Court enter judgment in favor of Plaintiff and against Defendants CACH and SLLOP for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## PLAINTIFF'S CLAIM FOR THIRD PARTY DISCLOSURE OF DEBT IN VIOLATION OF THE FDCPA

21.  Plaintiff incorporates Paragraphs 1 through 18.

22.  Defendant impermissibly disclosed Plaintiff's alleged debt to a third party, her ex-husband, and thus violated 15 U.S.C. § 1692c(b) and caused said Plaintiff both embarrassment and unnecessary emotional distress.

WHEREFORE, Plaintiff JILL-MICHELE LEWIS requests that the Court enter judgment in favor of Plaintiff and against Defendants CACH and SLLOP for:

(a)  Damages, both statutory and actual;

(b)  Attorney's fees, litigation expenses and costs of the instant suit; and

(c)  Such other or further relief as the Court deems proper.

## COUNT III
## STATUTORY DAMAGES, DECLARATORY RELIEF AND PERMANENT INJUNCTION UNDER THE FCCPA

23. Plaintiff incorporates Paragraphs 1 through 18.

24. Pursuant to 28 U.S.C §§ 2201 and 2202 and the FCCPA, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA; specifically Plaintiff alleges that Defendants have violated Fla. Stat. §§ 559.72(5), 559.72(7).

25. Plaintiff seeks a permanent injunction prohibiting Defendants from communicating directly with Plaintiff regarding the alleged debt.

26. The FCCPA provides for equitable relief, including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

27. Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under both state and federal law.

28. Plaintiff further seeks $1,000 dollars in statutory damages under the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. declaring that Defendant has violated the FCCPA;

b. permanently enjoining Defendant and any other parties from directly communicating with Plaintiff regarding the alleged debt;

c. statutory damages in the amount of $1,000 dollars;

d. actual damages;

e. attorney's fees, litigation expenses and costs of suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 29th day of August, 2011.

> SCOTT D. OWENS, ESQ.
> *Attorney for Plaintiff Jill-Michele Lewis*
> 2000 E. Oakland Park Blvd., Suite 106
> Ft. Lauderdale, FL 33306
> Telephone: 954-306-8104
> Facsimile: 954-337-0666
> scott@scottdowens.com
>
> By:/s/ *Scott D. Owens*
> Scott D. Owens, Esq.
> Florida Bar No. 0597651